IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
{CHARLOTTE DIVISION}

FILED
CHARLOTTE, NC

AUG 25 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

| | |
|---|---|
| PRECIOUS DAWN SPOONER<br><br>    Plaintiff, *Pro Se*<br><br>v.<br><br>UNIQUE MANAGEMENT SERVICES, INC.,<br>d/b/a UNIQUE NATIONAL COLLECTION<br><br>    Defendant. | ORIGINAL COMPLAINT FOR DAMAGES, STATUTORY, PUNITIVE, ACTUAL, FEES AND EXPENSES, COSTS, AND OTHER RELATED RELIEF<br><br>JURY TRIAL DEMANDED (12 JURORS)<br><br>CASE NO: 3:25-cv-639-MOC |

Plaintiff (*Pro Se*), Precious Dawn Spooner (hereinafter referred to as "Plaintiff"), individually alleges on personal knowledge, personal investigation, and on information and belief, as follows:

I.                         **ORIGINAL VERIFIED COMPLAINT**

**NATURE OF ACTION**

1. As Plaintiff Precious Dawn Spooner brings this action against Unique Management Services, Inc. ("UMS"), d/b/a Unique National Collection, for statutory, actual, and treble damages, as well as injunctive and declaratory relief, based on Defendant's repeated violations of:

    Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et* seq.;

    North Carolina Unfair and Deceptive Trade Practices Act ("NCUDTPA"), N.C. Gen. Stat. §§ 75-1.1 *et* seq.;

    North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat. §§ 75-50 *et* seq.; and

    North Carolina common law for Intrusion Upon Seclusion (Invasion of Privacy).

2. Plaintiff's claims arise from Defendant's willful, deceptive, and unlawful debt collection communications and tactics, including those detailed in the July 18, 2025, Notice of Intent to Sue and the attached Exhibit A demand letter.

1

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

4. Venue is proper under 28 U.S.C. § 1391(b) because the events or omissions giving rise to these claims occurred in this District and Defendant regularly transacts business here.

## III. PARTIES

5. Plaintiff, Precious Dawn Spooner ("Plaintiff") is a natural person and a citizen of the state of North Carolina, residing at 1905 Taylor Avenue, Charlotte, NC 28216.

6. Defendant Unique Management Services, Inc., ("UMS"), d/b/a Unique National Collection, is an Indiana corporation doing business in North Carolina, with its registered office and mailing address at 2626 Glenwood Ave, Ste. # 550, Raleigh, NC 27608.

## IV. FACTUAL ALLEGATIONS

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 75-50(1).

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and N.C. Gen. Stat. § 75-50(3).

9. On or about September 2, 2024, Defendant sent Plaintiff a written demand for payment of an alleged consumer debt (attached as Exhibit A).

10. Exhibit A fails to provide Plaintiff with a clear and accurate notice of her statutory right to dispute the debt within thirty (30) days, as required by 15 U.S.C. § 1692g(a) and N.C. Gen. Stat. § 75-54(4).

11. Exhibit A does not clearly state the name of the creditor or the amount of the debt, as required by 15 U.S.C. § 1692g(a)(1)-(2).

12. Defendant's letter omits required disclosures about Plaintiff's right to request, in writing, the name and address of the original creditor and to obtain debt verification, violating 15 U.S.C. § 1692g(a)(4)-(5).

13. Defendant uses language and formatting in Exhibit A that is misleading, ambiguous, and intended to overshadow or nullify Plaintiff's statutory rights, violating 15 U.S.C. § 1692g(b) and N.C. Gen. Stat. § 75-54.

14. Defendant's communication contains false, deceptive, and misleading representations regarding the character, amount, or legal status of the debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), and N.C. Gen. Stat. § 75-54.

15. Defendant threatened action which cannot legally be taken and used language intended to harass or embarrass, in violation of 15 U.S.C. § 1692e(5) and N.C. Gen. Stat. § 75-51(8).

16. Defendant's failure to provide proper disclosures and its use of deceptive tactics constitute unconscionable collection conduct under N.C. Gen. Stat. § 75-55.

17. Plaintiff sent Defendant a Notice of Intent to Sue on July 18, 2025, demanding statutory compliance and monetary damages, which Defendant ignored.

18. As a direct and proximate result of Defendant's conduct, Plaintiff suffered:
    - mental anguish and emotional distress,
    - wasted time and resources,
    - loss of privacy and peace of mind,
    - frustration,
    - and other actual injuries recognized by law

V.  **CLAIMS FOR RELIEF**

**COUNT I:
VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
(15 U.S.C. §§ 1692 et seq.)**

19. Plaintiff repeats and realleges all preceding paragraphs.

20. Defendant, in connection with the collection of a consumer debt, violated the following provisions of the FDCPA:

21. 15 U.S.C. § 1692g(a)-(b): failure to provide required validation notice and overshadowing of the 30-day dispute right;

22. 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10): use of false, deceptive, or misleading representations and threats;

23. 15 U.S.C. § 1692f: unfair or unconscionable collection means.

24. The conduct in Exhibit A is the basis for these statutory violations.

25. Injury in Fact: Plaintiff suffered mental anguish, emotional distress, wasted time and resources, and invasion of privacy as a direct result of these violations.

**COUNT II:
VIOLATION OF THE NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE
PRACTICES ACT
(N.C. Gen. Stat. §§ 75-1.1 et seq.)**

26. Plaintiff repeats and realleges all preceding paragraphs.

27. Defendant's acts, omissions, and representations, as described above, constitute unfair or deceptive acts or practices in or affecting commerce, in violation of N.C. Gen. Stat. § 75-1.1(a).

28. Specifically, Defendant violated:

29. N.C. Gen. Stat. § 75-54(4): using fraudulent, deceptive, or misleading collection means;

30. N.C. Gen. Stat. § 75-55: employing unconscionable collection means;

4

Case 3:25-cv-00639-MOC-DCK    Document 1    Filed 08/25/25    Page 4 of 8

31. N.C. Gen. Stat. § 75-1.1: general prohibition against unfair and deceptive trade practices.

32. Defendant's violations were willful and proximately caused Plaintiff's damages.

33. Injury in Fact: Plaintiff suffered mental anguish, emotional distress, wasted time and resources, and loss of peace of mind, and is entitled to treble damages under N.C. Gen. Stat. § 75-16.

## COUNT III:
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT
### (N.C. Gen. Stat. §§ 75-50 *et seq.*)

34. Plaintiff repeats and realleges all preceding paragraphs.

35. Defendant is a "debt collector" and Plaintiff is a "consumer" as defined by N.C. Gen. Stat. §§ 75-50(1), (3).

36. Defendant violated the following specific provisions of the NCDCA:

37. N.C. Gen. Stat. § 75-51(8): making threats or using coercive, harassing, or embarrassing conduct;

38. N.C. Gen. Stat. § 75-54(4): using fraudulent, deceptive, or misleading representations;

39. N.C. Gen. Stat. § 75-55: unconscionable means to collect a debt;

40. N.C. Gen. Stat. § 75-53: failure to provide proper written disclosures in debt collection notices.

41. Exhibit A is incorporated as evidence of these violations.

42. Injury in Fact: Plaintiff suffered mental anguish, emotional distress, wasted time, loss of resources, and invasion of privacy. Plaintiff is entitled to statutory and treble damages under N.C. Gen. Stat. §§ 75-56, 75-16.

## COUNT IV:
## INTRUSION UPON SECLUSION / INVASION OF PRIVACY
### (COMMON LAW)

43. Plaintiff repeats and realleges all preceding paragraphs.

5

Case 3:25-cv-00639-MOC-DCK    Document 1    Filed 08/25/25    Page 5 of 8

44. Defendant intentionally intruded upon Plaintiff's solitude, seclusion, and private affairs by repeatedly and wrongfully contacting Plaintiff and using highly offensive collection methods, as described in Exhibit A.

45. Such intrusion would be highly offensive to a reasonable person and was without Plaintiff's consent.

46. Injury in Fact: Plaintiff suffered mental anguish, severe emotional distress, humiliation, and loss of privacy as a direct result.

## VI. PRAYER FOR RELIEF

47. **WHEREFORE**, Plaintiff respectfully requests the Court to grant the following relief:

48. A. FDCPA Violations (15 U.S.C. §§ 1692 et seq.): - Statutory damages up to $1,000 per 15 U.S.C. § 1692k(a)(2)(A); - Actual damages per 15 U.S.C. § 1692k(a)(1); - Costs and reasonable attorney's fees per 15 U.S.C. § 1692k(a)(3);

49. B. NCUDTPA & NCDCA Violations (N.C. Gen. Stat. §§ 75-1.1 et seq., 75-50 et seq.): - Actual damages to be determined at trial; - Treble damages under N.C. Gen. Stat. § 75-16; - Statutory damages under N.C. Gen. Stat. § 75-56(b); - Costs and reasonable attorney's fees under N.C. Gen. Stat. §§ 75-16.1, 75-56(d);

50. C. Invasion of Privacy (Common Law): - Compensatory damages for emotional distress, mental anguish, and invasion of privacy;

51. D. Injunctive Relief: - An order restraining Defendant from engaging in further unlawful collection activities and requiring compliance with all relevant laws;

52. E. Any other relief the Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

53. Plaintiff demands a trial by (12) jurors on all issues so triable.

6

Dated: August 14th, 2025,	Respectfully Submitted,

x*Precious Dawn Spooner*
ALL RIGHTS RESERVED
Precious D. Spooner
1905 Taylor Avenue
Charlotte, North Carolina, 28216-4547
Email: preciousdawn00@gmail.com / Telephone: (704) 833-4907
*Plaintiff, Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of August 2025, I filed the foregoing mailed by (USPS) United States Postal Service Priority Mail or (UPS) United Parcel Service delivered to Western District Court for North Carolina, Charlotte Division , Clerk of Court, the CM/ECF System which will then send a notification of such filing. I further state under oath that I caused the forgoing, to be served on the parties listed below by service of process, United States Marshall Service, United States Postal Services, Fed Ex, United Parcel Service, Certified Mail or Priority Mail, postage prepaid as a courtesy, on the following:

Unique Management Services, Inc.
("UMS") d/b/a Unique National Collection
119 East Maple Street,
Jeffersonville, Indiana, 47130, USA

Registered Agent: Corporation Service Company
2626 Glenwood Ave Ste #550
Raleigh, North Carolina, 27608

Frost Echols, LLC.
224 Oakland Avenue,
Rock Hill, South Carolina, 29730

Mailing: P.O. Box 12645,
Rock Hill, South Carolina, 29731

*Defendants*

Precious Dawn Spooner
1905 Taylor Avenue,
Charlotte, North Carolina, 28216
preciousdawn00@gmail.com

        *Plaintiff, Pro Se*

x *Precious Dawn Spooner*
Precious Dawn Spooner
ALL RIGHTS RESERVED


Dated: August 14th, 2025